Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed
and Memorandum Opinion filed November 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00199-CR

____________

 

EX PARTE JUNFANG XIE

 

 



 

On Appeal from the County Criminal
Court at Law No. 9

Harris County, Texas

Trial Court Cause No. 1436522

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of appellant=s application for
a pre-trial writ of habeas corpus.  Appellant is charged with the misdemeanor
offense of operating an
unlicensed -massage establishment.  Before trial, appellant moved to preclude
the state from offering evidence that the police initially investigated appellant=s business for prostitution. The
trial court granted the motion in limine.  During the jury trial, a witness for
the State alluded to matters in contravention of the trial court=s order.  The trial court then
declared a mistrial on its own motion.  Appellant asserts that the Fifth Amendment=s double jeopardy
clause precludes a retrial.  We affirm.








The Motion
in Limine

Appellant
asserts that during voir dire, the State referred on three occasions to
appellant=s business[1] as a Amassage parlor,@ a term not used in the licensing statute
under which appellant is charged.  Before the first witness was called,
appellant=s counsel orally presented a motion in limine asking the court to exclude
evidence that the police initially investigated appellant=s business for prostitution.  The
trial court granted the motion as to testimony at the guilt-innocence phase of
the trial.  

The
Mistrial

The
State=s first witness was a previous
customer of appellant=s business who visited the establishment twice.  He was asked
to describe the front of the business and how the ladies were dressed.  He
replied that there were drapes or shades on the windows and the ladies were
dressed Afairly scantily.@  He testified he had not been back
after the second visit.  Even though he still receives massage therapy, he
stated, AI won=t go back there.@  On cross-examination, he
acknowledged that he had filed a police report on the establishment.  He stated
he did not tell the police about his visits to the business because it was Aan embarrassing incident.@

The
State=s next witness was the police
detective who investigated a report of Aactivities@ occurring at appellant=s business.  He described the
premises as Adimly lit.@  When asked what he saw, the detective stated that he saw
appellant exit one of the rooms, where a man with no clothes on, but covered by
a towel, lay on a table.  The State then returned to questioning about any
licenses or diplomas on the walls.








The
State=s third witness was a former
investigator for the Department of Health Services.  When asked how he came to
hear about appellant=s business, he responded:

The
Director of the Massage Therapy Program in Austin informed me that she received
a call from an officer in Webster, Texas.  She gave me the phone number and
asked if I would call this officer which I did.  I made contact with the
officer.  He explained to me that there was an establishment in Webster at
which time he asked for my assistance.  I agreed to work with him.  We did a
joint operation.  I met with him and we made a plan of operation.  I went to
the establishment for another reason instead of seeing if it was operating as
an unlicensed massage establishment.   Once we got there I went in and met a
couple of females for the purpose of obtaining sex for money.  That didn=t occur.

 

Appellant=s counsel immediately objected and
the lawyers approached the bench.  The court stated, AHe has indicated that did not occur. 
He should have been admonished.@  The court then immediately granted a mistrial.  When asked
if he understood the instruction not to discuss prostitution, the witness
replied, AShe asked me, Ma=am . . . I was answering the question.@  The court observed that he Avolunteered a lot more information
than needed to be volunteered.@

The
State opposed the mistrial, suggesting an instruction would cure any error. 
The trial court responded that A[w]e have been dancing around this issue enough that they
probably got a feeling already. . . . I was uncomfortable to go back when he
said he was investigating . . . prostitution.  I don=t think you can cure it.  I will
grant the mistrial.@

The Writ
Hearing








At the
hearing on the application for habeas corpus relief, no testimony was offered. 
The trial court restated the relevant testimony that suggested there was a
prostitution investigation initially.  The court stated that a mistrial was
ordered because the jurors Awere pretty much smirking about what was going on.@  The State assured the court that
the last witness had been properly warned about the motion in limine and that
the unresponsive answer was unexpected.  At the conclusion of the hearing, the
court blamed the last witness for not Areally paying that much attention,@ and specifically found that the
State had not intended to cause a mistrial.  The court denied the writ.

Double
Jeopardy

The
double jeopardy provisions of the federal and Texas constitutions protect a
citizen from repeated attempts at prosecution for the same criminal offense.  Ex
parte Wheeler, 203 S.W.3d 317, 322 (Tex. Crim. App. 2006).  However, if a
defendant requests a mistrial, double jeopardy normally does not bar reprosecution. 
Id.  Under the federal double jeopardy clause, a retrial is prohibited
after the defendant requests and is granted a mistrial only if the prosecution
intentionally commits manifestly improper conduct with the intent to provoke
that mistrial.  Oregon v. Kennedy, 456 U.S. 667, 679, 102 S. Ct. 2083
(1982).  

In Bauder
v. State, the Court of Criminal Appeals interpreted the double jeopardy
provision of the Texas Constitution more expansively, to cover Areckless@ conduct, holding that retrial would
also be barred Awhen the prosecutor was aware but consciously disregarded the
risk that an objectionable event for which he was responsible would require a
mistrial at the defendant's request.@  921 S.W.2d 696, 699 (Tex. Crim.
App. 1996).  The court later reconsidered and overruled Bauder, holding
that the proper rule under the Texas Constitution is the rule articulated by
the United States Supreme Court in Oregon v. Kennedy, i.e., whether the
prosecutor intended to provoke the defendant into moving for a mistrial.  Ex
parte Lewis, 219 S.W.3d 335, 337 (Tex. Crim. App. 2007).  








Two
months later, the Court of Criminal Appeals decided Ex parte Masonheimer. 
There, the court held that the standard enunciated in Oregon v. Kennedy
barred retrial Aunder the unique circumstances of that case@ because the State had intentionally
failed to disclose exculpatory evidence with the specific intent to avoid the
possibility of an acquittal.  Ex parte Masonheimer, 220 S.W.3d 494, 507
(Tex. Crim. App. 2007).  The Masonheimer court reasoned that Ain a case like this, a defendant
suffers the same harm as when the State intentionally >goads= or provokes the defendant into moving
for a mistrial.@  Id.

Standard
of Review

In
reviewing a trial court=s decision to grant or deny relief on a writ of habeas
corpus, appellate courts review the facts in the light most favorable to the
trial judge=s ruling and should uphold it absent an abuse of discretion.   Masonheimer,
220 S.W.3d at 507.  We afford almost total deference to the trial judge=s determination of historical facts
supported by the record, especially when the fact findings are based on an
evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). 

Discussion

Appellant
concedes that he did not object to the mistrial and that the trial court
considered and rejected a less drastic alternative to mistrial.  Therefore,
appellant asserts that the mistrial is properly characterized as a Adefense-requested mistrial.@  Appellant contends that the State
was concerned that an acquittal was likely because defense counsel had damaged
the credibility of the State=s main witnesses on cross-examination.  

The
record does not support appellant=s assertion.  The State pointed out
that its witnesses had established two elements of the offense of operating a
massage establishment without a license.  The first witness testified he
received a massage at appellant=s business, and the second witness testified that appellant
lacked a license to operate a massage establishment.  Moreover, the State, not
the defense, argued against the mistrial.  The facts of this case are clearly
not analogous those that led to the Masonheimer court=s finding of deliberate conduct and
specific intent to avoid the possibility of an acquittal.  Masonheimer,
220 S.W.3d at 507-08. 








Reviewing
the evidence in the light most favorable to the trial court=s decision, as we must, we conclude
the record supports the trial court=s conclusion that the witness, rather
than the prosecutor, caused the mistrial.  The court concluded that the witness
Ajust kind of went wayward on his own,
@ perhaps as the result of
inattention.  There is no evidence of intentional misconduct on the part of the
prosecution.  Therefore, we hold that the trial court did not abuse its
discretion in denying appellant=s application for writ of habeas corpus on double jeopardy
grounds.

We
affirm the trial court=s order.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed
November 29, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant asserts that the State has not established
the appellant is the owner of the business in question, Hands Health Care in
Webster, Texas.  We express no opinion on ownership and refer to the business
as Aappellant=s
business@ only for ease of discussion.